UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

ISAISH SPENCE & OLENE SPENCE,

                Debtors.

GUY G. GEBHARDT,
Acting United States Trustee, Plaintiff,

         v.

ROBERT V. PALMER,

&

ROBERT C. PALMER,

    Defendants.

In re:

HEATHER MARIE JOINER,

Debtor.

Case No. 3:11-bk-06680-JAF
Chapter 7

Adv. Proc. No. 3:12-ap-00529-JAF

Case No.: 3:13-bk-00841-PMG
Chapter 7

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION
WITH FINAL JUDGMENT PERMANENTLY ENJOINING ROBERT V.
PALMER AND ROBERT C. PALMER AS BANKRUPTCY PETITION PREPARERS,
ASSESSING FINES, AND REQUIRING DISGORGEMENT OF FEES**

On March 7, 2014, the following matters came before the Court for final evidentiary

hearing: (1) Motion for Sanctions and Disgorgement of Fees Against Bankruptcy Petition Preparer

Robert C. Palmer d/b/a All Florida Legal Clinics ("Motion for Sanctions"; Dkt. No. 9 in Case No.

3:13-bk-00841-PMG); (2) Motion for Sanctions and Permanent Injunction Pursuant to 11 U.S.C. §

110 ("Motion for Contempt"; Dkt. 25 in Case No. 3:13-bk-00841-PMG); (3) Motion for Partial

1

Judgment on the Pleadings as to Robert C. Palmer ("Motion for Judgment on the Pleadings"; Dkt. No. 53 in Adv. No. 3:12-00529-PMG) and (4) United States Trustee's Amended Complaint for Disgorgement, Sanctions and Injunctive Relief Pursuant to 11 U.S.C. § 110 ("Amended Complaint"; Dkt. No. 6 in Adv. No. 3:12-ap-00529-PMG). The hearing was attended by counsel for the United States Trustee ("UST") and three witnesses, Heather Gardner[1], Heather Edwards and Isaish Spence. The hearing was not attended by the Defendants.[2]  The Court finds that it has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and these are core matters pursuant to 28 U.S.C. § 157. Venue in this district and division is appropriate pursuant to 28 U.S.C. § 1409. Based upon the evidence and testimony presented at the hearing, the Court now makes the following findings of fact and conclusions of law.

## I.  Motion for Sanctions

### A.  Findings of Fact in Connection with Motion for Sanctions

1.    On April 23, 2013, the UST filed the Motion for Sanctions. The Motion for Sanctions alleges that, in connection with the bankruptcy case of Heather Gardner, case number 3:13-bk-00841-PMG, Robert C. Palmer violated 11 U.S.C. § 110 by providing substandard services, advertising using the word "legal," using a partially redacted Social Security number and providing legal services.

2.    A hearing on the Motion for Sanctions was held on September 5, 2013. At the hearing, the Court found that there was no question of fact that Robert C. Palmer had acted as a bankruptcy petition preparer in the case, prepared documents for filing in the case, accepted compensation

---

[1] At the time of her bankruptcy, Heather Gardner went by her maiden name, Heather Joiner.

[2] On the day of the hearing, Robert V. Palmer called the Court to say that he was ill. At the hearing, the Court found that it was appropriate to go forward with the hearing. The Court based its decision on the totality of the circumstances of the case including the following: (1) No excuse was given for Robert C. Palmer; (2) the witnesses in the case had taken time off from their jobs and otherwise suffered stress and inconvenience to attend a Court hearing; (3) Counsel for the UST had driven two-and-one-half hours from Orlando to attend the hearing; (4) Defendants had previously requested extensions at various points in these proceedings (Dkt. Nos. 31 and 61 in Adv. No. 3:12-005290-PMG) and (5) The information on which the Court bases its decision is not the sort of information subject to contrary proof. The Court found the witnesses to be credible and the information regarding use of the word "legal" and misuse of a Social Security number to be irrefutable.

2

from Ms. Gardner, advertised using the word "legal" and used a partially redacted Social Security number. Accordingly, the Court ordered that Robert C. Palmer disgorge $400 to Ms. Gardner and pay $100 in fines to the UST within 14 days. The Court reserved ruling on whether Robert C. Palmer had provided legal services until the final evidentiary hearing on March 7, 2014. The Court's ruling was reduced to an order on September 25, 2013. Therefore, fines and disgorgement were due no later than October 9, 2013 (Dkt. No. 22 in Case No. 3:13-bk-00841-PMG).

3.   As of the evidentiary hearing on March 7, 2014, the only remaining issue in connection with the Motion for Sanctions was whether Robert C. Palmer had provided legal advice to Ms. Gardner.

4.   As evidenced by the testimony of Ms. Gardner, the Court makes the factual finding that Robert C. Palmer did provide legal services to Ms. Gardner including the following: (1) The Court finds that Robert C. Palmer chose Ms. Gardner's exemptions with no input from Ms. Gardner; (2) The Court finds that Robert C. Palmer assisted Ms. Gardner in determining which chapter of bankruptcy to file under; (3) The Court finds that Robert C. Palmer advised Ms. Gardner concerning bankruptcy procedures, including the section 341 meeting; (4) The Court finds that Robert C. Palmer advised Ms. Gardner regarding the dischargability or non-dischargability of certain debts and (5) The Court finds that Robert C. Palmer advised Ms. Gardner to falsely represent on her bankruptcy schedules that she contributed toward her household expenses when, in fact, she did not. The Court further finds that Robert C. Palmer's advice to Heather Gardner to include false information on her bankruptcy schedules constitutes egregious conduct.

### B.   Conclusions of Law in Connection for Motion for Sanctions

5.   Pursuant to 11 U.S.C. § 110(e)(2), a bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice. Pursuant to 11 U.S.C. § 110(e)(2)(B), prohibited legal advice includes whether "commencing a case under chapter 7, 11, 12 or 13 is appropriate . .

.", "whether the debtor's debts will be discharged in a case under this title . . ." and "whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title . . . ."

6.    The Court concludes that Robert C. Palmer violated 11 U.S.C. § 110(e)(2) when he provided Heather Gardner with the following legal advice: (1) Robert C. Palmer assisted Ms. Gardner in determining which chapter of bankruptcy to file under; (2) Robert C. Palmer advised Ms. Gardner concerning bankruptcy procedures, including the section 341 meeting; (3) Robert C. Palmer advised Ms. Gardner regarding the dischargability or non-dischargability of certain debts and (4) Robert C. Palmer advised Ms. Gardner to falsely represent on her bankruptcy schedules that she contributed toward her household's expenses when, in fact, she did not.

7.    Pursuant to 11 U.S.C. § 110(l), "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g) or (h) may be fined not more than $500 for each such failure."

8.    Accordingly, the Court fines Robert C. Palmer an additional $500 fine payable to the UST. This amount is in addition to the $100 in fines and $400 in disgorgement previously ordered. In addition, the permanent injunction against Robert C. Palmer remains in full force and effect.

9.    The Court shall enter a separate order consistent with these findings of fact and conclusions of law.

## II.    Findings of Fact and Findings of Law in Connection with Motion for Contempt

### A.    Findings of Fact in Connection with Motion for Contempt

10.    As set forth above, on September 25, 2013, the Court ordered that Robert C. Palmer pay $100 in fines to the UST and disgorge $400 to Heather Gardner by no later than October 9, 2013 (*supra* ¶ 2).

4

11.  As of October 28, 2013, Robert C. Palmer had not made the required disgorgement or paid the required fine. For this reason, the UST filed the Motion for Contempt. The Motion for Contempt sought a permanent injunction against Robert C. Palmer and an additional fine of $500. A preliminary hearing on the Motion for Contempt was set for December 12, 2013.

12.  Three days before the scheduled hearing, on December 9, 2013, the Defendants filed Motion to Continue/Reschedule Hearing on Discovery and Trial and Setting Joint Status Conference (Dkt. No. 29 in Case No. 3:13-bk-00841-PMG).

13.  On December 11, 2013, the Court granted the Defendant's Motion to Continue in part (Dkt. No. 30 in Case No. 3:13-bk-00841-PMG). The order provided that a final evidentiary hearing would be held on the Motion for Contempt on March 7, 2014. Id. The order further commanded that Robert C. Palmer pay the delinquent fines and disgorgement by no later than December 22, 2013. Id. In the event that Robert C. Palmer did not pay the required fines and disgorgement, the order provided that the Court would issue a permanent injunction against Robert C. Palmer acting as a bankruptcy petition preparer upon the verified statement of the UST. Id.

14.  Robert C. Palmer did not make the required payments by December 22, 2013. As a result, on December 27, 2013, the UST filed Verified Statement of Non-Compliance Regarding Disgorgement of Fees and Payment of Penalties by Robert C. Palmer (Dkt. No. 32 in Case No. 3:13-bk-00841-PMG). On December 31, 2013, the Court held Robert C. Palmer in contempt of Court and permanently enjoined him from acting as a bankruptcy petition preparer in the Middle District of Florida or in connection with cases to be filed in the Middle District of Florida (Dkt. No. 33 in Case No. 3:13-bk-00841-PMG).

15.  As of the final evidentiary hearing on March 7, 2014, Robert C. Palmer had not paid the Court ordered fine of $100 or Court ordered disgorgement of $400. As such, the Court makes the factual finding that Robert C. Palmer remains in knowing, willful contempt of the Court's order.

5

The Court further finds that Robert C. Palmer's continued unwillingness to abide by Court orders constitutes egregious conduct.

### B. Conclusions of Law in Connection with Motion for Contempt

16.    Pursuant to 11 U.S.C. § 110(j)(3), "[t]he court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order issued under this section. The injunction under this paragraph may be issued on the motion of the court, the trustee, or the United States trustee (or the bankruptcy administrator, if any)."

17.   The Court has already permanently enjoined Robert C. Palmer from acting as a bankruptcy petition preparer for contempt. That injunction remains in full force and effect.

18.    Pursuant to 11 U.S.C. § 110(h)(5),  a "bankruptcy petition preparer shall be fined not more than $500 for each failure to comply with a court order to turn over funds within 30 days of service or such order."

19.   Due to Robert C. Palmer's continuing contempt, the Court now fines Robert C. Palmer an additional $500 (five hundred dollars) payable to the UST.

20.   The Court will enter a separate order consistent with these findings of fact and conclusions of law.

## III.   Findings of Fact and Conclusions of Law on Motion for Judgment on the Pleadings

### A.   Findings of Fact in Connection with Motion for Judgment on the Pleadings

21.   On September 14, 2012, the UST filed the Amended Complaint against Robert C. Palmer d/b/a All Florida Legal Clinics and Robert V. Palmer d/b/a All Florida Legal Clinics (collectively "Defendants"). The Amended Complaint alleges that the Defendants violated 11 U.S.C. § 110 through their conduct in the bankruptcy case of Isaish and Olene Spence, Case Number 3:11-bk-06680-JAF (the "Main Case").

22. The Amended Complaint contains the following five Claims for Relief. The First Claim for relief alleges that the fees for the Defendants' services exceed the value of services rendered in violation of 11 U.S.C. § 110(h)(3)(A)(1). The Second Claim for Relief alleges that the Defendants provided legal services and advice in violation of 11 U.S.C. § 110(e)(2). The Third Claim for Relief alleges that the Defendants failed to mark the documents for filing in the Main Case with their Social Security numbers in violation of 11 U.S.C. § 110(c)(1). The Fourth Claim for Relief alleges that the Defendants used the word "legal" in advertising in violation of 11 U.S.C. § 110(f). The Fifth Claim for Relief alleges that the totality of the Defendants' conduct warrants a permanent injunction against the Defendants acting as bankruptcy petition preparers.

23. On February 15, 2013, the Defendants filed Answer to Amended Complaint ("Answer"; Dkt. No. 45 in Adv. No. 3:12-ap-00529). The Answer is signed by both Robert V. Palmer and Robert C. Palmer. Id. The answer contains judicial admissions which are relevant to this proceeding. The Court adopts the following judicial admissions as findings of fact (collectively, the "Judicial Admissions").

    a. Robert C. Palmer is a non-attorney acting as a bankruptcy petition preparer in the Middle District of Florida (Answer ¶ 2).

    b. Robert C. Palmer acted as a bankruptcy petition preparer in the Main Case and prepared "documents for filing" in the Main Case within the meaning of 11 U.S.C. § 110 (Answer ¶ 3).

    c. The Social Security number that Defendants have used to mark documents in the Main Case results from the intentional juxtaposition of the last two digits of Robert V. Palmer's Social Security number (Answer ¶¶ 16 and 87).

    d.  The debtors in the Main Case, Isaish and Olene Spence, initially met with Robert

V. Palmer on Sunday, August 14, 2012 at the Defendants' place of business (Answer ¶¶ 25

and 26).

    e.  At the time of the initial meeting, the debtors in the Main Case made an

appointment to return to Defendant's place of business with various financial documents

for the purpose of preparing documents in anticipation of filing for bankruptcy (Answer ¶

35).

    f.  On or about September 7, 2012, the debtors in the Main Case returned to

Defendant's place of business with various financial documents (Answer ¶ 36).

    g.  At the second meeting on September 7, 2012, the debtors in the Main Case met

with Robert C. Palmer (Answer ¶ 37).

    h.  At the second meeting on September 7, 2012, the debtors in the Main Case paid

money over to Robert C. Palmer (Answer ¶¶ 36 and 38). (The Complaint asserts that the

amount paid was $300, whereas the Answer asserts that the amount was $150). Id.

    i.  On January 23, 2012, the Main Case was dismissed because the debtors in the Main

Case did not pay the second installment of the filing fee (Answer ¶ 50).

    j.  Subsequent to the dismissal, the debtors in the Main Case stopped by the

Defendants' place of business and requested assistance with getting their case reinstated

(Answer ¶ 51). At this third meeting, the Defendants' met with Robert V. Palmer (Answer

¶ 52).

    k.  At the third meeting, Robert V. Palmer prepared the Motion to Reinstate Case filed

as document number 35 in the Main Case (Answer ¶¶ 5, 53 and 54). The debtors in the

Main Case observed Robert V. Palmer prepare the Motion to Reinstate Case (Answer ¶

54).

l.  Robert V. Palmer did not consult with the Debtors in the Main Case regarding the contents of the Motion to Reinstate Case (Answer ¶ 55).

m.  Robert V. Palmer did not sign the Motion to Reinstate Chapter 13 Petition or include his Social Security number on the Motion to Reinstate Case (Answer ¶ 56).

n.  On a fourth occasion, the Debtors in the Main Case met Robert C. Palmer at Defendants' place of business (Answer ¶ 57).

o.  The Defendants collected a total of $600 in connection with the Main Case (Answer ¶ 63).

p.  The Defendants do business as "Legal Clinics" (Answer ¶¶ 91-93, 106).

q.  The Defendants' business cards identify their business as "Legal Clinics" (Answer ¶ 92).

r.  The Defendants advertise their business as "Legal Clinics" (Answer ¶ 91).

24.  On July 12, 2013, the UST filed the Motion for Judgment on the Pleadings. The Motion for Judgment on the Pleadings argues that the Amended Complaint's Fourth Claim for Relief as to Robert C. Palmer should be granted based upon the Judicial Admissions.

**B.  Conclusions of Law in Connection with Motion for Judgment on the Pleadings**

25.  Federal Rule of Civil Procedure 12(c) is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012. Judgment on the pleadings under Rule 12(c) is appropriate only "when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. District Attorney's Office for Escambia County, 592 F.3d 1237, 1255 (11th Cir. 2010). In considering a motion for judgment on the pleadings, the court should resolve all reasonable doubts about the facts in the favor of the non-movant, and draw all justifiable inferences in his or her favor. *See* Id.

26.   The prohibitions of 11 U.S.C. § 110 apply to bankruptcy petition preparers as defined in 11 U.S.C. § 110(a)(1). A bankruptcy petition preparer is defined as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing. Pursuant to 11 U.S.C. § 110(a)(2), "document for filing" is defined as "any document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title."

27.   Every element of 11 U.S.C. § 110(a) is admitted as to Robert C. Palmer. In the Judicial Admissions, the Defendants admit that Robert C. Palmer is a bankruptcy petition preparer within the meaning of 11 U.S.C. § 110, that Robert C. Palmer provided documents for filing in the Main Case and that Robert C. Palmer accepted compensation for his services. As such the Court concludes that the prohibitions of 11 U.S.C. § 110 apply to Robert C. Palmer.

28.   The Amended Complaint's Fourth Claim for Relief alleges that the Defendants have violated 11 U.S.C. § 110(f), which states that "[a] bankruptcy petition preparer shall not use the word 'legal' or any similar term in advertisements, or advertise under any category that includes the word 'legal' or any similar term."

29.   The Court concludes that the UST's Fourth Claim for Relief must be granted. In the Judicial Admissions, the Defendants admit that they have made use of the word legal in advertising. Specifically, the Defendants admit that they do business as "Legal Clinics," utilize business cards that incorporate the words "Legal Clinics" and otherwise advertise as "Legal Clinics." The Court finds that it is clear from the face of the pleadings that Robert C. Palmer has violated 11 U.S.C. § 110(f) and that the Amended Complaint's Fourth Claim for Relief should be granted as to Robert C. Palmer.

30.   The Court shall enter a separate order consistent with these findings of fact and conclusions of law.

10

**IV. Findings of Fact in Connection with United States Trustee's Amended Complaint**

**A. First Claim for Relief: Excessive Charges in Violation of 11 U.S.C. § 110(h)(3)(A)(1)**

31. The First Claim for relief alleges that the fee charged for Defendants' services exceeds the value of those services in violation of 11 U.S.C. § 110(h)(3)(A)(1) and seeks disgorgement of some portion of the Defendants' total fee of $600. The Court finds that, in light of the Court's other findings, which require disgorgement of the Defendants' entire fee, the First Claim for Relief is moot.

**B. Second Claim for Relief: Legal Advice in Violation of 11 U.S.C. § 110(e)(2)**

**1. Findings of Fact in Connection with Second Claim for Relief**

32. The Court finds that Robert V. Palmer is the owner of All Florida Legal Clinics. The Court bases this finding on Robert V. Palmer's statements to the Court during the hearing held in case number 3:13-bk-00841-PMG on September 5, 2013 (UST Exhibit 7, binder page 377). The Court also bases this conclusion on the Fictitious Name Registration filed with the Florida Secretary of State (UST Exhibit 13), and the recent opinion by the Florida Supreme Court, which also concludes that Robert V. Palmer is the owner of All Florida Legal Clinics (UST Exhibit 11).

33. As evidenced by the 1991 disbarment order, Robert V. Palmer is not an attorney (UST Exhibit 10).

34. As evidenced by the Judicial Admissions and witness testimony, Robert V. Palmer prepared documents for filing in the Main Case. Specifically, Robert V. Palmer prepared the Motion to Reinstate Case (Dkt. No. 34 in Main Case).

35. Robert V. Palmer received compensation as a bankruptcy petition preparer in the Main Case. This is evidenced by Isaish Spence's testimony that he paid $300 directly to Robert V. Palmer. In addition, all compensation paid to All Florida Legal Clinics by the debtors in the Main

Case is attributable to Robert V. Palmer because Robert V. Palmer is the owner of All Florida Legal Clinics.

36.  As evidenced by the testimony of Isaish Spence, Robert V. Palmer provided legal advice to the debtors in the Main Case. Specifically, Robert V. Palmer explained the different chapters of bankruptcy and the effect of the bankruptcy discharge.

37.  As evidenced by the Judicial Admissions and the testimony of Isaish Spence, Robert V. Palmer did not consult with the debtors in the Main Case regarding the contents of the Motion to Reinstate Case (Dkt. No. 34 in Main Case).

38.  As evidenced by the Judicial Admissions, Robert C. Palmer acted as a bankruptcy petition preparer in the Main Case, prepared documents for filing in the Main Case and accepted compensation in the Main Case (*supra* ¶ 27).

39.  As evidenced by the testimony of Isaish Spence, Robert C. Palmer provided the debtors in the Main Case with legal advice. Robert C. Palmer advised the debtors in the Main Case regarding the effect of the bankruptcy discharge and the chapters of bankruptcy. In addition, Robert C. Palmer selected the exemptions listed on the debtors' Schedule C with no input from the debtors. Most troubling, Robert C. Palmer told the debtors in the Main Case that he could strip off their second mortgage if they paid All Florida Legal Clinics the additional sum of $600.

### 2.  Conclusions of Law in Connection with Second Claim for Relief

40.  As set forth above,  Robert C. Palmer has acted as a bankruptcy petition preparer in the Main Case as and is subject to the prohibitions of 11 U.S.C. § 110 (*supra* ¶ 27).

41.  The Court finds the prohibitions of 11 U.S.C. § 110 also apply to Robert V. Palmer in the Main Case because Robert V. Palmer is a non-attorney, Robert V. Palmer prepared a document for filing in the Main Case and Robert V. Palmer accepted money for this service, both directly and in his capacity as the owner of All Florida Legal Clinics.

12

42. The Court finds that Robert V. Palmer violated 11 U.S.C. § 110(e)(2) by providing prohibited legal advice in the Main Case. Specifically, Robert V. Palmer violated section 110(e)(2) when he advised the debtors in the Main Case regarding the various chapters of bankruptcy and the effect of the bankruptcy discharge. Robert V. Palmer further violated section 110(e)(2) when he prepared the Motion to Reinstate Case without any substantive input from the debtors in the Main Case.

43. The Court finds that Robert C. Palmer violated 11 U.S.C. § 110(e)(2) by providing prohibited legal advice in the Main Case. Specifically, Robert C. Palmer advised the debtors in the Main Case regarding the effect of the bankruptcy discharge and the chapters of bankruptcy. In addition, Robert C. Palmer selected the exemptions listed on the debtors' Schedule C with no input from the debtors.  Robert C. Palmer also rendered legal advice when he told the debtors in the Main Case that he could strip off their second mortgage if they paid All Florida Legal Clinics the additional sum of $600.

44. Accordingly, the Court shall enter judgment in favor of the UST and against the Defendants on the Second Claim for relief.

45. Pursuant to 11 U.S.C. § 110(l)(1) the Court may fine a bankruptcy petition preparer up to $500 for each violation of 11 U.S.C. § 110(e)(2).

46. Accordingly, the Court will fine the Defendants $500 (five hundred dollars) each for violating 11 U.S.C. § 110(e)(2).

47. Pursuant to 11 U.S.C. 110(h)(3)(B), "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f) or (g)."

48. Accordingly, the Court will order the Defendants to disgorge their entire fee of $600 (six hundred dollars) to the debtors in the Main Case. This obligation is joint and several to both Defendants.

## C. Third Claim for Relief: Failure to Disclose Identity Pursuant to 11 U.S.C. 110(c)(1)

### 1. Findings of Fact in Connection with Third Claim for Relief

49. As discussed above, Robert V. Palmer and Robert C. Palmer are subject to the prohibitions of 11 U.S.C. § 110 in connection with their conduct in the Main Case (*supra* ¶¶ 27 and 41).

50. As evidenced by the Judicial Admissions and the contents of the Motion to Reinstate Case (UST Exhibit 2), Robert V. Palmer did not mark the Motion to Reinstate Case with his name or Social Security number.

51. As evidenced by the Judicial Admissions and the testimony of Isaish Spence, Robert C. Palmer prepared at least the following documents for filing in the Main Case: (1) the Petition; (2) Schedules A-J; (3) the Statement of Financial Affairs; (4) the Chapter 13 Statement of Intention; (5) the Disclosure of Compensation for Bankruptcy Petition Preparer; (6) the Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer; (7) the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income;  (8) the Application to Pay Filing Fee in Installments; (9) the Chapter 13 Calculation of Current Monthly Income and (10) the Chapter 13 Plan (collectively "Bankruptcy Documents"; UST Exhibit 2). Isaish Spence testified that he witnessed Robert C. Palmer prepare the Bankruptcy Documents.

52. The following of the Bankruptcy documents are not signed or otherwise marked by Robert C. Palmer: (1) the Chapter 13 Calculation of Current Monthly Income and (2) the Chapter 13 Plan (UST Exhibit 2).

53.  As evidenced by the Judicial Admissions and disclosures of Social Security numbers in Robert C. Palmer's and Robert V. Palmer's personal bankruptcies, certain documents in the Main Case are marked with a Social Security number that belongs to neither Robert C. Palmer or Robert V. Palmer (the "False Social Security Number") (UST Exhibits 8 and 12). As reflected in the Judicial Admissions, the False Social Security number results from the intentional juxtaposition of the last two digits of Robert V. Palmer's Social Security number.

54.  Robert C. Palmer marked the following Bankruptcy Documents with the False Social Security Number: (1) the Petition; (2) Schedules A-J; (3) the Statement of Financial Affairs; (4) the Chapter 13 Statement of Intention; (5) the Disclosure of Compensation for Bankruptcy Petition Preparer; (6) the Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer; (7) the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income; and (8) the Application to Pay Filing Fee in Installments (UST Exhibit 2).

55.  In addition, the Court notes that to the extent that the Bankruptcy Documents are signed, they are signed as "Bob Palmer." The Court concludes that the Bankruptcy Documents were signed this way for the purpose of creating deliberate confusion as to whether Robert C. Palmer or Robert V. Palmer signed the documents.

### 2.  Findings of Law in Connection with Third Claim for Relief

56.  According to 11 U.S.C. § 110(c)(1), a bankruptcy petition preparer "shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document." According to 11 U.S.C. § 110(c)(2)(A), "the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation."

57.  Robert V. Palmer has failed to mark 1 (one) document for filing with his Social Security number in the Main Case in violation of 11 U.S.C. § 110(c)(1). Accordingly, judgment shall be

entered in favor of the UST and against Robert V. Palmer on the Amended Complaint's Third Claim for Relief.

58.  Robert C. Palmer has marked 10 (ten) documents for filing in the Main Case with the False Social Security Number. Accordingly, judgment shall be entered in favor of the UST and against Robert C. Palmer on the Amended Complaint's Third Claim for relief.

59.  Pursuant to 11 U.S.C. § 110(l)(1) the Court may fine a bankruptcy petition preparer up to $500 for each violation of 11 U.S.C. § 110(c).

60.  Pursuant to section 110(l), the Court shall fine Robert V. Palmer $500 (five hundred dollars) pursuant to the Amended Complaint's Third Claim for Relief.

61.  Pursuant to section 110(l), the Court shall fine Robert C. Palmer $5,000 (five thousand dollars) pursuant to the Amended Complaint's Third Claim for Relief.

62.  Pursuant to 11 U.S.C. § 110(h)(3)(B), "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f) or (g)."

63.  Accordingly, the Court will order the Defendants to disgorge their entire fee of $600 (six hundred dollars) to the debtors in the Main Case. This obligation is joint and several to both Defendants.

### D.  Fourth Claim for Relief: Use of "Legal" in Violation of 11 U.S.C. § 110(f)

#### 1.  Findings of Fact in Connection with Fourth Claim for Relief

64.  As discussed above, the Court has ruled that Robert C. Palmer is subject to the provisions of 11 U.S.C. § 110 and violated 11 U.S.C. § 110(f) in the Main Case (*supra* ¶ 29).

65.  As discussed above, the Court has found that Robert V. Palmer is the owner of All Florida Legal Clinics and is subject to the prohibitions of 11 U.S.C. § 110 in the Main Case (supra ¶¶ 32 and 42).

66.  As evidenced by the Judicial Admissions and copies of advertisements, Robert C. Palmer, Robert V. Palmer and All Florida Clinics have used the word "legal" in numerous advertisements. The word "legal" appears on their cards, in the name of the business, in Yellow Pages advertisements, on the website for All Florida Legal Clinics, on the signage of the business locations, and in filings with the Florida Department of State (UST Exhibits 9 and 13). In addition, Robert C. Palmer, Robert V. Palmer and All Florida Clinics advertise in the "legal" section of the online Yellow Pages (UST Exhibit 9).

### 2.  Conclusions of Law in Connection with Fourth Claim for Relief

67.  According to 11 U.S.C. § 110(f), "[a] bankruptcy petition preparer shall not use the word 'legal' or any similar term in any advertisements, or advertise under any category that includes the word 'legal' or any similar term."

68.  The Court has ruled that Robert C. Palmer violated section 110(f) (*supra* ¶ 29).

69.  The Court concludes that Robert V. Palmer has violated section 110(f) both individually and in his capacity as the owner of All Florida Legal Clinics. Specifically, Robert V. Palmer violated section 110(f) by utilizing the word "legal" in the business name of All Florida Legal Clinics, on business cards, on the website of All Florida Legal Clinics, on signage and in online Yellow Page Advertisements.

70.  Accordingly, Judgment shall be entered in favor of the UST and against both of the Defendants on the Amended Complaint's Fourth Claim for Relief.

71.  Pursuant to 11 U.S.C. § 110(l)(1), a fine of $500 payable to the UST may be assessed for each violation of 11 U.S.C. § 110(f).

72.  Accordingly, each of the Defendants shall be fined $500 (five hundred dollars) each for violations of 11 U.S.C. § 110(f).

73.   Pursuant to 11 U.S.C. § 110(h)(3)(B), "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f) or (g)."

74.   Accordingly, the Court will order the Defendants to disgorge their entire fee of $600 (six hundred dollars) to the debtors in the Main Case. This obligation is joint and several to both Defendants.

### E.   Fifth Claim for Relief: Permanent Injunction Pursuant to 11 U.S.C. § 110(j)

#### 1.   Findings of Fact in Connection with Fifth Claim for Relief

75.   As discussed above, Robert V. Palmer and Robert C. Palmer are subject to the prohibitions of 11 U.S.C. § 110 in connection with their conduct in the Main Case (*supra* ¶¶ 27 and 41).

76.   Robert V. Palmer has previously violated 11 U.S.C. § 110 in the Middle District of Florida. Specifically, Robert V. Palmer previously was sanctioned for violations of 11 U.S.C. § 110 in the following bankruptcy cases: In re Brummitt (case number 3:04-bk-03639-JAF); In re Mathis (case number 3:04-bk-04140-JAF); In re Stewart ( case number 3:04-bk-04206-JAF); In re Baptiste (case number 3:04-bk-04443-JAF); In re Deel (case number 3:04-04595-JAF); In re Cole (case number 3:04-04990-JAF); In re Brown (case number 3:04-bk-05298-JAF) and In re Correa (case number 3:04-bk-07275-JAF) (collectively "Prior Cases"; UST Exhibit 6).[3] In the Prior Cases, Robert V. Palmer failed to list his Social Security number on the debtor's bankruptcy documents, utilized a business card that displayed the words "Legal Clinic," and engaged in the unauthorized practice of law. Id. In the Prior Cases, the Court fined Robert V. Palmer and enjoined him from the further unauthorized practice of law. Id.

---

[3] Under the version of 11 U.S.C. § 110 in effect in 2004, a case could be certified from the bankruptcy court to the district court so that the district court could consider whether certain additional sanctions were appropriate. The Prior Cases were certified to the district court. There is no evidence that the district court imposed additional sanctions. However, this in no way undermines the findings of the bankruptcy court. The orders entered by the bankruptcy court in the Prior Cases were not appealed.

77.  As evidenced by opinions and orders of the Florida Supreme Court, Robert V. Palmer has

a history of engaging in the unauthorized practice of law. On October 31, 1991, the Supreme Court

of Florida disbarred Robert V. Palmer from the practice of law (UST Exhibit 10). On November

30, 1995, due to Robert V. Palmer's violation of the disbarment order, Robert V. Palmer was

"permanently and perpetually restrained from engaging in the practice of law in the State of

Florida." (UST Exhibit 11). On May 9, 2013, the Florida Supreme Court held Robert V. Palmer in

indirect criminal contempt of the 1991 disbarment order and sentenced him to 60 days of

incarceration.[4] Id.

78.  Robert C. Palmer has a history of misconduct in his personal bankruptcy cases. On

November 18, 2002, Robert C. Palmer filed case number 3:02-bk-11267-JAF (UST Exhibit 8). On

January 10, 2003, the chapter 7 trustee, Gordon P. Jones, filed a complaint under 11 U.S.C. § 727

to initiate adversary proceeding number 3:03-ap-0012-JAF. Id. On February 19, 2003, the Court

entered final judgment by default in favor of Gordon P. Jones and against Robert C. Palmer Id. On

January 18, 2012, Robert C. Palmer filed case number 3:12-bk-00271-JAF. Id. On October 9,

2012, the Court dismissed that case with a bar against refiling due to Robert C. Palmer's lack of

cooperation with the chapter 7 trustee. Id.

79.  As discussed above, Robert C. Palmer utilized a false and fraudulent Social Security

number in the Main Case. In addition, the Court finds that Robert C. Palmer, Robert V. Palmer and

All Florida Legal Clinics have engaged in misuse of a Social Security number in numerous other

bankruptcy cases. In at least the following bankruptcy cases, the False Social Security Number

was used to mark documents: (1) In re Jiles (case number 3:11-bk-08657); (2) In re Hurlbert (case

number 3:11-bk-09185); (3) In re Steele (case number 3:12-bk-00146); (4) In re Phelps (case

number 3:12-bk-00049); (5) In re Henderson (case number 12-bk-00245); (6) In re Williams (case

---

[4] A motion for reconsideration of the Florida Supreme Court's most recent decision may be pending.

number 3:12-bk-00843); (7) In re Andrews (case number 3:12- bk-00954); (8) In re Reynolds
(case number 3:12-bk-01017); (9) In re Ferraris (case number 3:12-bk-01403); (10) In re
Lawrence (case number 3:12-bk-01408); (11) In re Cogdell (case number 3:12-bk-01514) and (12)
In re Mann (case number 3:12-bk-02337) (UST Exhibit 5).

80.    As discussed above, Robert C. Palmer advised the debtors in the Main Case that he could
strip the second mortgage off of their residence for an additional $600 (*supra* ¶ 43). The Court
considers this to be egregious conduct.

81.    As discussed above, Robert C. Palmer advised Heather Gardner that she should perjure
herself on her bankruptcy schedules so that it would appear that she contributed to household
expenses (*supra* ¶ 4). The Court considers this to be egregious conduct.

82.    As discussed above, Robert C. Palmer remains in contempt of the Court's prior order
(*supra* ¶¶ 16-19). The Court considers this to be egregious conduct.

### 2.    Conclusions of Law in Connection with Fifth Claim for Relief

83.    According to 11 U.S.C. § 110(j)(2)(A):

[I]f the court finds that--(i) a bankruptcy petition preparer has--(I) engaged in conduct in
violation of this section or of any provision of this title; . . . or (III) engaged in any other
fraudulent, unfair, or deceptive conduct; and (ii) injunctive relief is appropriate to prevent the
recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from
engaging in such conduct.

84.    The Court has already permanently enjoined Robert C. Palmer from acting as a
bankruptcy petition preparer in the Middle District of Florida or in connection with any case to be
filed in the Middle District of Florida. That permanent injunction remains in full force and effect.
That permanent injunction is warranted not only by Robert C. Palmer's continuing contempt of
Court but also by the following conduct: (1) Robert C. Palmer's misconduct in his personal
bankruptcy cases; (2) the Defendants' widespread misuse of a Social Security number; (3) Robert
C. Palmer advising the debtors in the Main Case that he could strip off their second mortgage for

an additional fee of $600 and (4) Robert C. Palmer advising Heather Gardner to commit perjury in her bankruptcy Schedules.

85.  The Court finds that it is appropriate to permanently enjoin Robert V. Palmer from acting as a bankruptcy petition preparer in the Middle District of Florida or in connection with any case to be filed in the Middle District of Florida. In addition to Robert V. Palmer's conduct in the Main Case, the Court bases this decision on the following: (1) the Defendants' and All Florida Legal Clinic's use of the False Social Security Number across numerous bankruptcy cases; (2) Robert V. Palmer's prior history of violations of 11 U.S.C. § 110 as a bankruptcy petition preparer in bankruptcy cases in the Middle District of Florida and (3) Robert V. Palmer's long history of unauthorized practice of law as demonstrated through decisions of the Florida Supreme Court.

86.  For these reasons, the Court shall issue an injunction against the Defendants from acting as bankruptcy petition preparers individually, in any business capacity, (including but not limited to doing business as All Florida Legal Clinics), and against any of the Defendants' agents, employees, associates, assigns, successors, corporations, related entities, and all persons or entities in active concert and participation with Defendants.

87.  The Court shall issue a separate final judgment consistent with these findings of fact and conclusions of law.

DONE and ORDERED: _September 8, 2014_

_Paul M. Glenn_
Paul M. Glenn
United States Bankruptcy Judge

Copies to (Service by BNC):
Robert C. Palmer, 848 Cassat Avenue, Jacksonville, FL 32205;
Robert C. Palmer, 243 Arlington Road, Jacksonville, FL 32211;
Robert V. Palmer, 848 Cassat Avenue, Jacksonville, FL 32205;
Robert V. Palmer, 243 Arlington Road, Jacksonville, FL 32211.